1  Eugene P. Ramirez (State Bar No. 134865)
      *epr@manningllp.com*
2  Craig Smith (State Bar No. 265676)
      *gcs@manningllp.com*
3  Anita K. Clarke (State Bar No. 321015)
      *akc@manningllp.com*
4  **MANNING & KASS**
   **ELLROD, RAMIREZ, TRESTER LLP**
5  801 S. Figueroa St, 15th Floor
   Los Angeles, California 90017-3012
6  Telephone: (213) 624-6900
   Facsimile: (213) 624-6999
7
8  Attorneys for Defendants, COUNTY OF
   RIVERSIDE, DEPUTY ROBERT
   ROMERO, DEPUTY RODNEY SCOTT,
9  DEPUTY JACOB PADILLA, SHERIFF
   CHAD BIANCO, CAPTAIN JAMES
10 KRACHMER, MATHEW CHANG,
   MEGAN S. CASTILLO, NAVAIN L.
11 WILLIAMS, and RAYMUNDO
   CLAUDIO
12

13                    **UNITED STATES DISTRICT COURT**

14       **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

15

16 SYLVIA ARISPE, an individual and        Case No. 5:21-CV-00417-JWH(SPx)
   successor-in-interest of CARLOS
17 ALEXANDER, deceased;                     *[Assigned to the Honorable John W.*
                                            *Holcomb, Magistrate, Sheri Pym]*
18              Plaintiff,

19       v.                                 **PROTECTIVE ORDER RE**
                                            **CONFIDENTIAL DOCUMENTS**
20 COUNTY OF RIVERSIDE,; DEPUTY
   VICTOR ROMERO, #N6924;
21 DEPUTY RODNEY SCOTT, #N4086;
   DEPUTY JACOB PADILLA, #5967;
22 SHERIFF CHAD BIANCO; CAPTAIN
   JAMES KRACHMER; MATHEW
23 CHANG; MEGAN S. CASTILLO;
   NAVAIN L. WILLIAMS;
24 RAYMUNDO CLAUDIO;
   JAQUELINE HERNANDEZ, a
25 nominal defendant,

26              Defendant.

27                                          *Complaint Filed:  3/8/2021*

28

PURSUANT TO THE STIPULATION OF THE PARTIES ("Stipulation for Entry of Protective Order re Confidential Documents"), and pursuant to the Court's inherent and statutory authority, including but not limited to the Court's authority under the applicable Federal Rules of Civil Procedure and the United States District Court, Central District of California Local Rules; after due consideration of all of the relevant pleadings, papers, and records in this action; and upon such other evidence or argument as was presented to the Court; Good Cause appearing therefor, and in furtherance of the interests of justice,

IT IS HEREBY ORDERED that:

## 1.   A. **PURPOSES AND LIMITATIONS.**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Order.

The parties acknowledge that the Stipulation and associated Order do not confer blanket protections on all disclosures or responses to discovery and that the protection the Order affords extends only to the specified information or items that are entitled to treatment as confidential.

The parties further acknowledge, as set forth below, that the Stipulation and Order create no entitlement to file confidential information under seal; Central District Local Rules 79-5.1 and 79-5.2 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

Nothing in the Stipulation or associated Order shall be construed so as to require or mandate that any Party disclose or produce privileged information or records that could be designated as Confidential Documents/Protected Material

1   hereunder.

2   **B. <u>GOOD CAUSE STATEMENT.</u>**

3       1.1.   Contentions re Harm from Disclosure of Confidential Materials.

4       Defendants contend that there is good cause and a particularized need for a

5   protective order to preserve the interests of confidentiality and privacy in peace officer

6   personnel file records and associated investigative or confidential records for the

7   following reasons.  This action is likely to involve confidential peace officer personnel

8   file documents, as well as personal identifying information of third party witnesses

9   (i.e. addresses, telephone numbers, etc.), for which special protection from public

10  disclosure and from use for any purpose other than prosecution of this action is

11  warranted.  Such confidential and proprietary materials and information consist of,

12  among other things, personnel file information, otherwise generally unavailable to the

13  public, or which may be privileged or otherwise protected from disclosure under state

14  or federal statutes, court rules, case decisions, or common law.

15      First, Defendants contend that peace officers have a federal privilege of privacy

16  in their personnel file records: a reasonable expectation of privacy therein that is

17  underscored, specified, and arguably heightened by the *Pitchess* protective procedure

18  of California law.  *See Sanchez v. Santa Ana Police Dept.*, 936 F.2d 1027, 1033-1034

19  (9th Cir. 1990); *Hallon v. City of Stockton*, 2012 U.S. Dist. LEXIS 14665, *2-3, 12-

20  13 (E.D. Cal. 2012) (concluding that "while "[f]ederal law applies to privilege based

21  discovery disputes involving federal claims," the "state privilege law which is

22  consistent with its federal equivalent significantly assists in applying [federal]

23  privilege law to discovery disputes"); *Soto v. City of Concord*, 162 F.R.D. 603, 613

24  n. 4, 616 (N.D. Cal. 1995) (peace officers have constitutionally-based "privacy rights

25  [that] are not inconsequential" in their police personnel records); *cf.* Cal. Penal Code

26  §§ 832.7, 832.8; Cal. Evid. Code §§ 1040-1047.  Defendants further contend that

27  uncontrolled disclosure of such personnel file information can **threaten the safety of**

28  **non-party witnesses, officers, and their families/associates**.

Manning&Kass
Ellrod, Ramirez, Trester LLP
Attorneys at Law

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

1    Second, Defendants contend that municipalities and law enforcement agencies

2 have federal deliberative-executive process privilege, federal official information

3 privilege, federal law enforcement privilege, and federal attorney-client privilege

4 (and/or attorney work product protection) interests in the personnel files of their peace

5 officers – particularly as to those portions of peace officer personnel files that contain

6 critical self-analysis, internal deliberation/decision-making or evaluation/analysis, or

7 communications for the purposes of obtaining or rendering legal advice or analysis –

8 potentially including but not limited to evaluative/analytical portions of Internal

9 Affairs type records or reports, evaluative/analytical portions of supervisory records

10 or reports, and/or reports prepared at the direction of counsel, or for the purpose of

11 obtaining or rendering legal advice. *See Sanchez*, 936 F.2d at 1033-1034; *Maricopa*

12 *Audubon Soc'y v. United States Forest Serv.*, 108 F.3d 1089, 1092-1095 (9th Cir.

13 1997); *Soto*, 162 F.R.D. at 613, 613 n. 4; *Kelly v. City of San Jose*, 114 F.R.D. 654,

14 668-671 (N.D. Cal. 1987); *Tuite v. Henry*, 181 F.R.D. 175, 176-177 (D. D.C. 1998);

15 *Hamstreet v. Duncan*, 2007 U.S. Dist. LEXIS 89702 (D. Or. 2007); *Admiral Ins. Co.*

16 *v. United States Dist. Ct.*, 881 F.2d 1486, 1492, 1495 (9th Cir. 1988).  Defendants

17 further contend that such personnel file records are restricted from disclosure by the

18 public entity's custodian of records pursuant to applicable California law and that

19 **uncontrolled release is likely to result in needless intrusion of officer privacy;**

20 **impairment in the collection of third-party witness information and statements**

21 **and related legitimate law enforcement investigations/interests; and a chilling of**

22 **open and honest discussion regarding and/or investigation into alleged**

23 **misconduct that can erode a public entity's  ability to identify and/or implement**

24 **any remedial measures that may be required**.

25    Third, Defendants contend that, since peace officers do not have the same rights

26 as other private citizens to avoid giving compelled statements, it is contrary to the

27 fundamental principles of fairness to permit uncontrolled release of officers'

28 compelled statements. *See generally Lybarger v. City of Los Angeles*, 40 Cal.3d 822,

[~~PROPOSED~~] PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS

1  828-830 (1985); *cf*. U.S. Const., amend V.

2      Accordingly, Defendants contend that, without a protective order preventing

3  such, production of confidential records in the case can and will likely substantially

4  impair and harm defendant public entity's interests in candid self-critical analysis,

5  frank internal deliberations, obtaining candid information from witnesses, preserving

6  the safety of witnesses, preserving the safety of peace officers and peace officers'

7  families and associates, protecting the privacy officers of peace officers, and

8  preventing pending investigations from being detrimentally undermined by

9  publication of private, sensitive, or confidential information – as can and often does

10  result in litigation.

11      1.2.   Plaintiff does not agree with and does not stipulate to Defendants'

12  contentions herein above, and nothing in the Stipulation or its associated Order shall

13  resolve the parties' disagreement, or bind them, concerning the legal statements and

14  claimed privileges set forth above.

15      However, plaintiff agrees that there is Good Cause for a Protective Order so as

16  to preserve the respective interests of the parties without the need to further burden

17  the Court with such issues.  Specifically, the parties jointly contend that, absent the

18  Stipulation and its associated Protective Order, the parties' respective privilege

19  interests may be impaired or harmed, and that the Stipulation and its associated

20  Protective Order may avoid such harm by permitting the parties to facilitate discovery

21  with reduced risk that privileged and/or sensitive/confidential information will

22  become matters of public record.

23      1.3.   The parties jointly contend that there is typically a particularized need

24  for protection as to any medical or psychotherapeutic records and autopsy

25  photographs, because of the privacy interests at stake therein.  Because of these

26  sensitive interests, a Court Order should address these documents rather than a private

27  agreement between the parties.

28      1.4.   The parties therefore stipulate that there is Good Cause for, and hereby

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
*Attorneys at Law*

1    jointly request that the honorable Court issue/enter, a Protective Order re confidential

2    documents consistent with the terms and provisions of the Stipulation.  However, the

3    entry of a Protective Order by the Court pursuant to the Stipulation shall not be

4    construed as any ruling by the Court on the aforementioned legal statements or

5    privilege claims in this section (§ 1), nor shall this section be construed as part of any

6    such Court Order.

7    **2.    DEFINITIONS.**

8        2.1.    Action: This pending federal lawsuit Case Number 5:21-CV-00417.

9        2.2.    Party:  any party to this action, including all of its officers, directors,

10   employees, agents, consultants, retained experts, house counsel and outside counsel

11   (and/or the support staff thereof).

12       2.3    Challenging Party: a Party or Non-Party that challenges the

13   designation of information or items under this Order.

14       2.4    "CONFIDENTIAL" Information or Items:  information (regardless of

15   the medium or how generated, stored, or maintained) or tangible things that qualify

16   for protection under standards developed under Federal Rule of Civil Procedure 26(c)

17   and/or applicable federal privileges.  This material includes, but is not limited to,

18   medical records, psychotherapeutic records, and autopsy photographs; as well as

19   peace officer personnel records as defined by California Penal Code sections 832.8,

20   832.5, 832.7 and the associated case law; and other similar confidential records

21   designated as such.

22       2.5    Counsel (without qualifier):  Outside Counsel and House Counsel (as

23   well as their support staffs).

24       2.6    Designating Party: a Party or non-party public entity employer of a Party

25   that designates information or items that it produces in disclosures or in responses to

26   discovery as "CONFIDENTIAL."

27       2.7    Disclosure or Discovery Material:  all items or information, regardless

28   of the medium or manner generated, stored or maintained (including, among other

things, testimony, transcripts, or tangible things) that are produced – or generated in disclosures or responses to discovery – by any Party in this matter.

2.8   Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9   House Counsel:  attorneys who are employees of a Party (as well as their support staffs).

2.10   Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11   Outside Counsel:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action (as well as their support staff).

2.12 Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel (and their support staffs).

2.13   Producing Party:  a Party or non-party that produces Disclosure or Discovery Material in this action, including a Party that is defending a deposition noticed or subpoenaed by another Party; additionally, for the limited purpose of designating testimony subject to the Stipulation and Order pursuant to section 6.2(b) (*infra*), a "Producing Party" shall also be construed to include a Party that is attending and/or participating in a non-party deposition noticed/subpoenaed by another Party.

2.14   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; and/or organizing, storing, retrieving data in any form or medium; etc.); and their employees and subcontractors.

2.15   Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" under the provisions of the Stipulation and Protective Order.  (The term "Confidential Document" shall be synonymous with the term "Protected Material" for the purposes of the Stipulation and any associated

1  Protective Order.)

2      2.16   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material

3  from a Producing Party, including a Party that has noticed or subpoenaed and is taking

4  a deposition or comparable testimony.

5  **3.      <u>SCOPE OF PROTECTION.</u>**

6      The protections conferred by the Stipulation and its associated Order cover not

7  only Protected Material/Confidential Documents (as defined above), but also (1) any

8  information copied or extracted from Protected Material; (2) all copies, excerpts,

9  summaries, or compilations of Protected Material; and (3) any testimony,

10  conversations, or presentations by Parties or their Counsel that might reveal Protected

11  Material.  However, the protections conferred by the Stipulation and its associated

12  Order do *not* cover the following information: (a) any information that is in the public

13  domain at the time of disclosure to a Receiving Party or becomes part of the public

14  domain after its disclosure to a Receiving Party as a result of publication not involving

15  a violation of this Order, including becoming part of the public record through trial or

16  otherwise; and (b) any information known to the Receiving Party prior to the

17  disclosure or obtained by the Receiving Party after the disclosure from a source who

18  obtained the information lawfully and under no obligation of confidentiality to the

19  Designating Party.

20      Except to the extent specified herein (if any), any use of Protected Material at

21  trial shall not be governed by this Order, but may be governed by a separate agreement

22  or order.

23      Any use of Protected Material at trial shall be governed by the Orders of the

24  trial judge: the Stipulation and its associated Protective Order do(es) not govern the

25  use of Protected Material at trial.

26  **4.      <u>DURATION OF PROTECTION.</u>**

27      Even after final disposition of this litigation, the confidentiality obligations

28  imposed by this Order shall remain in effect until a Designating Party agrees

[~~PROPOSED~~] PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.**     **DESIGNATION OF PROTECTED MATERIAL/CONFIDENTIAL DOCUMENTS.**

5.1.    Exercise of Restraint and Care in Designating Material for Protection.

Each Party or non-party that designates information or items for protection under the Stipulation and its associated Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routine designations are prohibited.  Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2.    Manner and Timing of Designations.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or

1  produced.

2       Designation in conformity with this Order requires:

3       (a) <u>for information in documentary form</u> (apart from transcripts of
4  depositions or other pretrial or trial proceedings, and regardless of whether produced
5  in hardcopy or electronic form), that the Producing Party affix the legend
6  "CONFIDENTIAL" to each page that contains Protected Material. If only a portion
7  or portions of the material on a page qualifies for protection, the Producing Party also
8  must clearly identify the protected portion(s) (e.g., by making appropriate markings
9  in the margins) and must specify, for each portion that it is "CONFIDENTIAL." The
10 placement of such "CONFIDENTIAL" stamp on such page(s) shall not obstruct the
11 substance of the page's (or pages') text or content.

12      A Party or Non-Party that makes original documents or materials available for
13 inspection need not designate them for protection until after the inspecting Party has
14 indicated which material it would like copied and produced. During the inspection
15 and before the designation, all of the material made available for inspection shall be
16 deemed "CONFIDENTIAL." After the inspecting Party has identified the documents
17 it wants copied and produced, the Producing Party must determine which documents,
18 or portions thereof, qualify for protection under this Order. Then, before producing
19 the specified documents, the Producing Party must affix the "CONFIDENTIAL"
20 legend to each page that contains Protected Material. If only a portion or portions of
21 the material on a page qualifies for protection, the Producing Party also must clearly
22 identify the protected portion(s) (e.g., by making appropriate markings in the
23 margins).

24      (b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>,
25 that the Party or non-party offering or sponsoring the testimony identify on the record,
26 before the close of the deposition, hearing, or other proceeding, all protected
27 testimony, and further specify any portions of the testimony that qualify as
28 "CONFIDENTIAL." When it is impractical to identify separately each portion of

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Producing Party may invoke on the record (before the deposition or proceeding is concluded) a right to have up to twenty (20) days to identify the specific portions of the testimony as "CONFIDENTIAL." Only those portions of the testimony that are appropriately designated as "CONFIDENTIAL" for protection within the 20 days shall be covered by the provisions of this Stipulation and its associated Protective Order.

The court reporter must affix to each such transcript page containing Protected Material the legend "CONFIDENTIAL," as instructed by the Producing Party.

(c)     for information produced in some form other than documentary, and for any other tangible items (including but not limited to information produced on disc or electronic data storage device), that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying the material as "CONFIDENTIAL."

5.3.   Inadvertent Failures to Designate.   If timely corrected (preferably, though not necessarily, within 30 days of production or disclosure of such material), an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Stipulation and its associated Order for such material.

If material is appropriately designated as "CONFIDENTIAL" *after* the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with this Stipulation and its associated Order.

5.4.   Alteration of Confidentiality Stamp Prohibited.   A Receiving Party shall not alter, edit, or modify any Protected Material so as to conceal, obscure, or remove a "CONFIDENTIAL" stamp or legend thereon; nor shall a Receiving Party take any

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

other action so as to make it appear that Protected Material is not subject to the terms and provisions of this Stipulation and its associated Order. However, nothing in this section shall be construed so as to prevent a Receiving Party from challenging a confidentiality designation subject to the provisions of section 6, *infra*.

**6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS.**

6.1.    <u>Timing of Challenges</u>.    Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2.    <u>Meet and Confer</u>.    Prior to challenging a confidentiality designation, a Challenging Party shall initiate a dispute resolution process by providing written notice of each specific designation it is challenging, and describing the basis (and supporting authority or argument) for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the associated Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue, either in person, telephonically, or by other comparable means, but *not* by correspondence) within 14 days of the date of service of notice.

In conferring, the Challenging Party must explain the specific basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

Frivolous challenges, and those challenges made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties), may expose the Challenging Party to sanctions.

6.3.    <u>Judicial Intervention</u>.  If the Parties cannot resolve a confidentiality challenge without court intervention, the Challenging Party shall file and serve a motion to remove confidentiality (under the applicable rules for filing and service of discovery motions) within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, or by the first day of trial of this matter, whichever date is earlier – unless the parties agree in writing to a longer time.

The parties must strictly comply with Central District Local Rules 37-1 and 37-2 (including the joint stipulation re discovery dispute requirement) in any motion associated with this Protective Order.

Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party, regardless of whether the Designating Party is the moving party or whether such Party sought or opposes judicial intervention. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to oppose

a motion to remove confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

6.4. <u>Withdrawal of "CONFIDENTIAL" Designation</u>. At its discretion, a Designating Party may remove Protected Material/Confidential Documents from some or all of the protections and provisions of the Stipulation and its associated Order at any time by any of the following methods:

(a) <u>Express Written Withdrawal</u>. A Designating Party may withdraw a "CONFIDENTIAL" designation made to any specified Protected Material /Confidential Documents from some or all of the protections of the Stipulation and its associated Order by an express withdrawal in a writing signed by such Party (or such Party's Counsel, but <u>not</u> including staff of such Counsel) that specifies and itemizes the Disclosure or Discovery Material previously designated as Protected Material/Confidential Documents that shall no longer be subject to all or some of the provisions of the Stipulation and Order. Such express withdrawal shall be effective when transmitted or served upon the Receiving Party. If a Designating Party is withdrawing Protected Material from only some of the provisions/ protections of the Stipulation and Order, such Party must state which specific provisions are no longer to be enforced as to the specified material for which confidentiality protection hereunder is withdrawn: otherwise, such withdrawal shall be construed as a withdrawal of such material from all of the protections/provisions of this Stipulation and Order;

(b) <u>Express Withdrawal on the Record</u>. A Designating Party may withdraw a "CONFIDENTIAL" designation made to any specified Protected Material/Confidential Documents from all of the provisions/protections of the Stipulation and its associated Order by verbally consenting in court proceedings on the record to such withdrawal – provided that such withdrawal specifies the Disclosure or Discovery Material previously designated as Protected Material/

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

Confidential Documents that shall no longer be subject to any of the provisions of the Stipulation and Order.  A Designating Party is not permitted to withdraw Protected Material from only some of the protections/provisions of the Stipulation and Order by this method;

(c)     Implicit Withdrawal by Publication or Failure to Oppose Challenge.  A Designating Party shall be construed to have withdrawn a "CONFIDENTIAL" designation made to any specified Protected Material/Confidential Documents from all of the provisions/protections of the Stipulation and Order by either (1) making such Protected Material/Confidential Records part of the public record – including but not limited to attaching such as exhibits to any filing with the court without moving, prior to such filing, for the court to seal such records; or (2) failing to timely oppose a Challenging Party's motion to remove a "CONFIDENTIAL" designation to specified Protected Material/Confidential Documents.  Nothing in the Stipulation and Order shall be construed so as to require any Party to file Protected Material/Confidential Documents under seal, unless expressly specified herein.

**7.     ACCESS TO AND USE OF PROTECTED MATERIAL.**

7.1.    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for preparing, prosecuting, defending, or attempting to settle this litigation – up to and including final disposition of the above-entitled action – and not for any other purpose, including any other litigation or dispute outside the scope of this action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in the Stipulation and its associated Order.  When the above entitled litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under the Stipulation and its Order.

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

7.2.    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.    Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)    the Receiving Party's Outside Counsel of record in this action, as well as employees of such Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation – each of whom, by accepting receipt of such Protected Material, thereby agree to be bound by the Stipulation and Order;

(c)    Experts (as defined in this Stipulation and Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation – each of whom, by accepting receipt of such Protected Material, thereby agree to be bound by the Stipulation and Order;

(d)    the court and its personnel;

(e)    court reporters, their staff, and Professional Vendors to whom disclosure is reasonably necessary for this litigation – each of whom, by accepting receipt of such Protected Material, thereby agree to be bound by the Stipulation and Order;

(f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary – each of whom, by accepting receipt of such Protected Material, thereby agree to be bound by this Stipulation and Order.    Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must have a confidential designation affixed by the court reporter to such pages containing Protected Material and such may not be disclosed to anyone except as permitted under the Stipulation and its Protective Order.

(g)    the author or custodian of a document containing the information that constitutes Protected Material, or other person who otherwise possessed or knew the

1    information.

2    7.3.    Notice of Confidentiality.    Prior to producing or disclosing Protected

3    Material/Confidential Documents to persons to whom the Stipulation and its Order

4    permits disclosure or production (see section 8.2, *supra*), a Receiving Party shall

5    provide a copy of the Stipulation and Order to such persons so as to put such persons

6    on notice as to the restrictions imposed upon them herein: except that, for court

7    reporters, Professional Vendors, and for witnesses being provided with Protected

8    Material during a deposition, it shall be sufficient notice for Counsel for the Receiving

9    Party to give the witness a verbal admonition (on the record, for witnesses) regarding

10    the provisions of the Stipulation and its Order and such provisions' applicability to

11    specified Protected Material at issue.

12    7.4.    Reservation of Rights.    Nothing in the Stipulation and Order shall be

13    construed so as to require any Producing Party to designate any records or materials

14    as "CONFIDENTIAL."    Nothing in the Stipulation and Order shall be construed so

15    as to prevent the admission of Protected Material into evidence at the trial of this

16    action, or in any appellate proceedings for this action, solely on the basis that such

17    Disclosure    or    Discovery    Material    has    been    designated    as    Protected

18    Material/Confidential Documents.    Notwithstanding the foregoing, nothing in the

19    Stipulation and Order shall be construed as a waiver of any privileges or of any rights

20    to object to the use or admission into evidence of any Protected Material in any

21    proceeding; nor shall anything herein be construed as a concession that any privileges

22    asserted or objections made are valid or applicable.    Nothing in the Stipulation and

23    Order shall be construed so as to prevent the Designating Party (or its Counsel or

24    custodian of records) from having access to and using Protected Material designated

25    by that Party in the manner in which such persons or entities would typically use such

26    materials in the normal course of their duties or profession – except that the waiver of

27    confidentiality provisions shall apply (see section 6.4(c), *supra*).

28    7.5.    Requirement to File Confidential Documents Under Seal.    Confidential

Documents may be submitted in all law and motion proceedings before the Court if done so with an application to file under seal pursuant to Federal Rules of Civil Procedure 5.2 and 26 and United States District Court, Central District of California Local Rules 79-5.1 and 79-5.2 (as applicable) and pursuant to the provisions of the Stipulation and associated Order. If any Receiving Party attaches any Confidential Documents to any pleading, motion, or other paper to be filed, lodged, or otherwise submitted to the Court, such Confidential Document(s) shall be filed/lodged with an application to seal pursuant to Federal Rules of Civil Procedure 5.2 and 26 and United States District Court, Central District of California Local Rules 79-5.1 and 79-5.2 to the extent applicable.

However, this paragraph (¶ 7.5) shall not be construed so as to prevent a Designating Party or counsel from submitting, filing, lodging, or publishing any document it has previously designated as a Confidential Document without compliance with this paragraph's requirement to do so under seal (i.e., a producing-disclosing party or counsel may submit or publish its own Confidential Documents without being in violation of the terms of the Stipulation and its Protective Order).

Furthermore, a Receiving Party shall be exempted from the requirements of this paragraph as to any specifically identified Confidential Document(s) where – prior to the submission or publication of the Confidential Document(s) at issue – the Designating Party of such specifically identified Confidential Document(s) has waived/withdrawn the protections of this Stipulation and its Order (pursuant to paragraph 6.4, *supra*).

A Receiving Party shall also be exempt from the sealing requirements of this paragraph (¶ 7.5) where the Confidential Documents/Protected Material at issue is/are **not** documents, records, or information regarding or incorporating:

(1)     private, personal information contained in peace officer personnel files (such as social security numbers, driver's license numbers or comparable personal government identification numbers, residential addresses, compensation or pension

or personal property information, credit card numbers or credit information, dates of birth, tax records and information, information related to the identity of an officer's family members or co-residents, and comparable personal information about the officer or his family);

(2)     any internal affairs or comparable investigation by any law enforcement agency into alleged officer misconduct; and/or

(3)     the medical records or records of psychiatric or psychological treatment of any peace officer or party to this action.

Nothing in this paragraph shall be construed to bind the Court or its authorized staff so as to limit or prevent the publication of any Confidential Documents to the jury or factfinder, at the time of trial of this matter, where the Court has deemed such Confidential Documents to be admissible into evidence.  Again, this Order does not govern the use of Protected Material at trial.

## 8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a)  promptly notify in writing the Designating Party, preferably (though not necessarily) by facsimile or electronic mail.  Such notification shall include a copy of the subpoena or court order at issue;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to the Stipulation and Protective Order.  Such notification shall include a copy of this Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by all sides in any such situation, while adhering to the terms of the Stipulation and Order.

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

1    If the Designating Party timely seeks a protective order, the Party served with

2  the subpoena or court order shall not produce any information designated in this action

3  as "CONFIDENTIAL" before a determination by the court from which the subpoena

4  or order issued, unless the Party has obtained the Designating Party's permission. The

5  Designating Party shall bear the burden and expense of seeking protection in that court

6  of its confidential material – and nothing in these provisions should be construed as

7  authorizing or encouraging a Receiving Party in this action to disobey a lawful

8  directive from another court.

9    The purpose of this section is to ensure that the affected Party has a meaningful

10  opportunity to preserve its confidentiality interests in the court from which the

11  subpoena or court order issued.

12  **9.  A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**

13  **PRODUCED IN THIS LITIGATION**

14    (a)    The terms of this Order are applicable to information produced by a

15  Non-Party in this Action and designated as "CONFIDENTIAL." Such information

16  produced by Non-Parties in connection with this litigation is protected by the

17  remedies and relief provided by this Order. Nothing in these provisions should be

18  construed as prohibiting a Non-Party from seeking additional protections.

19    (b)    In the event that a Party is required, by a valid discovery request, to

20  produce a Non-Party's confidential information in its possession, and the Party is

21  subject to an agreement with the Non-Party not to produce the Non-Party's

22  confidential information, then the Party shall:

23    (1)  promptly notify in writing the Requesting Party and the Non-Party

24  that some or all of the information requested is subject to a confidentiality agreement

25  with a Non-Party;

26    (2)  promptly provide the Non-Party with a copy of the Stipulated

27  Protective Order in this Action, the relevant discovery request(s), and a reasonably

28  specific description of the information requested; and

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

1    (3) make the information requested available for inspection by the

2   Non-Party, if requested.

3    (c) If the Non-Party fails to seek a protective order from this court within 14

4   days of receiving the notice and accompanying information, the Receiving Party may

5   produce the Non-Party's confidential information responsive to the discovery request.

6   If the Non-Party timely seeks a protective order, the Receiving Party shall not produce

7   any information in its possession or control that is subject to the confidentiality

8   agreement with the Non-Party before a determination by the court. Absent a court

9   order to the contrary, the Non-Party shall bear the burden and expense of seeking

10  protection in this court of its Protected Material.

11  **10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.**

12    10.1.  Unauthorized Disclosure of Protected Material.

13    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

14  Protected Material to any person or in any circumstance not authorized under the

15  Stipulation and Order, the Receiving Party must immediately:

16    (a) notify in writing the Designating Party of the unauthorized disclosures;

17    (b) use its best efforts to retrieve all copies of the Protected Material;

18    (c) inform the person or persons to whom unauthorized disclosures were made

19  of all the terms of this Order; and

20    (d) request such person or persons consent to be bound by the Stipulation and

21  Order.

22    10.2.  Inadvertent Production of Privileged or Otherwise Protected Material.

23    When a Producing Party gives notice to Receiving Parties that certain

24  inadvertently produced material is subject to a claim of privilege or other protection,

25  the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

26  Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure

27  may be established in an e-discovery order that provides for production without prior

28  privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

## 11.   PUBLICATION OF PROTECTED MATERIAL PROHIBITED.

   11.1.   Filing of Protected Material.

   Without advance written permission from the Designating Party, or a court order secured after appropriate notice to all interested persons, a Receiving Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with the applicable Federal and Local Rules.

   11.2.   Public Dissemination of Protected Material.

   A Receiving Party shall not publish, release, post, or disseminate Protected Material to any persons except those specifically delineated and authorized by the Stipulation and Order (see section 7, *supra*); nor shall a Receiving Party publish, release, leak, post, or disseminate Protected Material/Confidential Documents to any news media, member of the press, website, or public forum (except as permitted under section 7.5 regarding filings with the court in this action and under seal).

## 12.   MISCELLANEOUS.

   12.1.   Right to Further Relief.  Nothing in the Stipulation and its Order abridges the right of any person to seek its modification by the Court in the future.

   12.2.   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order pursuant to the Stipulation, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in the Stipulation and Order.  Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by the Stipulation and Protective Order.

   12.3   Filing Protected Material. A Party that seeks to file under seal any

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

12.4. The Stipulation may be signed in counterpart and a facsimile or electronic signature shall be as valid as an original signature.

## 13. FINAL DISPOSITION.

Unless otherwise ordered or agreed in writing by the Producing Party, within thirty (30) days after the final termination of this action (defined as the dismissal or entry of judgment by the above named court, or if an appeal is filed, the disposition of the appeal), upon written request by the Producing Party, each Receiving Party must return all Protected Material to the Producing Party – whether retained by the Receiving Party or its Counsel, Experts, Professional Vendors, agents, or any non-party to whom the Receiving Party produced or shared such records or information.

As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material, regardless of the medium (hardcopy, electronic, or otherwise) in which such Protected Material is stored or retained.

In the alternative, at the discretion of the Receiving Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it – unless such Protected Material is an original, in which case, the Receiving Party must obtain the Producing Party's written consent before destroying such original Protected Material.

Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) within thirty (30) days of the aforementioned written request by the Designating Party that specifically identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that

1  affirms that the Receiving Party has not retained any copies, abstracts, compilations,

2  summaries or other forms of reproducing or capturing any of the Protected material

3  (in any medium, including but not limited to any hardcopy, electronic or digital copy,

4  or otherwise).

5        Notwithstanding this provision, Counsel are entitled to retain an archival copy

6  of all pleadings, motion papers, transcripts, legal memoranda filed with the court in

7  this action, as well as any correspondence or attorney work product prepared by

8  Counsel for the Receiving Party, even if such materials contain Protected Material;

9  however, any such archival copies that contain or constitute Protected Material remain

10 subject to this Protective Order as set forth in Section 4 (DURATION), above.  This

11 court shall retain jurisdiction in the event that a Designating Party elects to seek court

12 sanctions for violation of the Stipulation and Protective Order.

13

14 DATED:  March 24, 2022

15        Honorable Sheri Pym
         United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

1 | Respectfully submitted by:

2 | Eugene P. Ramirez (State Bar No. 134865)
  |   *epr@manningllp.com*
3 | G. Craig Smith (State Bar No. 265676)
  |   *gcs@manningllp.com*
4 | Anita K. Clarke (State Bar No. 321015)
  |   *akc@manningllp.com*
5 | **MANNING & KASS**
  | **ELLROD, RAMIREZ, TRESTER LLP**
6 | 801 S. Figueroa St, 15th Floor
  | Los Angeles, California 90017-3012
7 | Telephone: (213) 624-6900
  | Facsimile: (213) 624-6999

9 | Attorneys for Defendants,
  | COUNTY OF RIVERSIDE,
  | DEPUTY ROBERT ROMERO,
10 | DEPUTY RODNEY SCOTT,
  | DEPUTY JACOB PADILLA,
11 | SHERIFF CHAD BIANCO,
  | CAPTAIN JAMES KRACHMER,
12 | MATHEW CHANG,
  | MEGAN S. CASTILLO,
13 | NAVAIN L. WILLIAMS, and
  | RAYMUNDO CLAUDIO

Case No. 5:21-CV-00417-JWH(SPx)

[~~PROPOSED~~] PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW